## Geitz v. Borough of Chalfont

*Kevin J. Sommar,* for plaintiff.
*Anita F. Alberts,* for defendant Borough of Chalfont.

*Robert A. Lechowicz,* for defendant Mark E. Phinney Co.

*J. R. Petersen, Jr.,* for defendant Gilbert Associates, Inc.

BORTNER, *J.,* May 4, 1984—This is an appeal of two orders sustaining the preliminary objections of defendants, Borough of Chalfont and Mark E. Phinney Co. (Phinney).

Plaintiff alleges we failed to consider her preliminary objections to those of the borough and Phinney and therefore deprived her of due process of law.

This is an action brought by Helen Geitz in trespass and assumpsit alleging that a sewer line backed up on her property in June of 1983 as the result of improper grading done on her property when the sewer line was installed in October of 1969.

Plaintiff claims $2,471.78 in repairs are the responsibility of the borough for failing to inspect the sewer line properly in 1969 and of Mark E. Phinney Co. for failing to install the sewer line properly in 1969.[1]

On December 12, 1983, the borough filed preliminary objections and supporting brief, alleging that plaintiff had failed to state a claim upon which relief could be granted as to the borough because, inter alia, it was immune from liability under the Political Tort Claims Act, 42 Pa.C.S. §8541 et seq.

Plaintiff filed preliminary objections and brief contra the borough's preliminary objections on December 22, 1983, alleging that sovereign immu-

---

1. A third defendant, Gilbert Associates, Inc., is not involved in this appeal.

nity may not be raised by preliminary objections, but only by new matter.

On December 23, 1983, Phinney filed preliminary objections claiming the suit against it was barred under the applicable statute of limitations. 42 Pa.C.S. §5525. Its brief followed on February 7, 1984.

Plaintiff filed preliminary objections to Phinney's objections on February 24, 1984, alleging the statute of limitations must be raised by new matter and not by preliminary objections.

On February 28, 1984, we sustained the borough's preliminary objections, declaring plaintiff's preliminary objections moot and, in a separate order, sustained Phinney's preliminary objections without mentioning plaintiff's preliminary objections. As a practical matter, however, we carefully considered all points raised by plaintiff's two sets of preliminary objections prior to issuing these orders and, nonetheless, arrived at the same result as if she had not filed them.

We determined that, at the threshold, the borough certainly could raise the issue of sovereign immunity by means of preliminary objections, since this may be raised at the preliminary objections stage if it appears on the face of the complaint. 2 Goodrich Amram 2d. §1017(b)11; see DeVenuto v. Williams, et al, 38 Bucks Co. L. Rep. 351 (1982), sustaining the Township of Solebury's preliminary objections based on sovereign immunity.

Plaintiff's complaint alleged improper grading of the sewer system on her property. Thus, the only possible exception to sovereign immunity which might be applicable, maintenance of utility service facilities, did not apply since the sewer was not

"owned by the local agency and located within rights-of-way." 42 Pa.C.S. §8542(b)(5).

Having determined sovereign immunity was properly raised by preliminary objections, and that it applied, we sustained the borough's preliminary objections and declared plaintiff's preliminary objections moot. Obviously, the same result would have resulted had we "considered" plaintiff's preliminary objections.[2]

As with the borough, we necessarily considered the issues raised by plaintiff's preliminary objections and accompanying brief before sustaining Phinney's objections. The statute of limitations may also be raised in preliminary objections if its applicability appears on the face of the complaint. Pa.R.C.P. 1017(b)(4); 2 Goodrich Amram 2d. §1017(b):11. The sewer was placed in the ground in 1969 and plaintiff "discovered" the improper grading in 1983. The four year statute of limitations for oral contracts (no writing was alleged or attached to the complaint) applied to the claims raised by plaintiff against Phinney. 42 Pa.C.S. §5525(3). Also, no facts were pled in the complaint to toll that statute. Therefore, Phinney's preliminary objections were properly sustained whether or not plaintiff's preliminary objections were ruled upon.

The foregoing represents our reasons for sustaining defendants' preliminary objections.

---

2. Plaintiff's argument that we should have given her an additional ten days to answer the borough's preliminary objections is make-weight. Plaintiff's preliminary objections and memorandum addressing specifically those points raised in the borough's preliminary objections were filed ten days after the borough's objections. We certainly read the pleading prior to our determination and find any further filing redundant.